UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60954-CIV-DAMIAN

ALEXANDER RUZ ROJA,

      Petitioner,

v.

MARKWAYNE MULLINS, *et al.*,

      Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS*

**THIS CAUSE** is before the Court on Petitioner, Alexander Ruz Roja's ("Petitioner"), Petition For Writ of *Habeas Corpus* [ECF No. 1] (the "Petition"), filed April 5, 2026. Respondents filed a Response to this Court's Order to Show Cause [ECF No. 5] on April 14, 2026 [ECF No. 6 ("Response")]. Petitioner did not file a Reply.

THE COURT has reviewed the Petition, the parties' briefing, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

### I.    BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in the parties' submissions. *See generally* Pet., Resp.

Petitioner is a native and citizen of Cuba who is currently detained by federal immigration authorities at the Miami Federal Detention Center. He entered the United States on or around July 16, 2022, where he encountered U.S. Border Patrol Agents and was processed for expedited removal proceedings pursuant to Section 235(b)(1) of the Immigration and Nationality Act ("INA"). [ECF No. 6-3]. That same day, Petitioner was

released from custody pending a credible fear interview with USCIS due to lack of bed space at the detention center. *See* ECF No. 6-6 ¶ 11; ECF No. 6-2 at 3.

On March 19, 2026, Petitioner was encountered again by immigration officials following his arrest for aggravated assault with a deadly weapon following a domestic incident. *Id.* ¶ 12; Pet. ¶ 15. The criminal case remains pending. [ECF No. 6-6 ¶ 12].

On March 13, 2026, Petitioner filed the instant *habeas* Petition, challenging his continued detention under 8 U.S.C. § 1225(b). Petitioner argues, generally, that he is entitled to a bond determination hearing and that 8 U.S.C. § 1226(a) applies to individuals in his circumstances, that is, aliens in the United States who were not lawfully admitted, rather than § 1225, which applies to aliens seeking admission to the United States. *See generally* Pet.

Respondents, on the other hand, argue that Petitioner is an alien detainee subject to expedited removal proceedings whose detention is governed by the provisions of § 235(b) and is subject to mandatory detention based on the plain language of the statute and further that this Court does not have jurisdiction to review the expedited removal order. *See generally* Resp.

## II. LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus.* See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Before addressing whether Petitioner is entitled to a bond determination hearing before an Immigration Judge, as requested in the Petition, this Court addresses the points raised in the Response. In the Response, Respondents argue that section 1226(a) does not apply at all because Petitioner is in the midst of expedited removal proceedings. This Court agrees with Respondents that Petitioner is presently confined through Respondents' detention authority under section 1225(b), so Petitioner's argument that he is being held under the improper statutory authority is without merit.

A district judge in the Middle District recently explained the significance of properly identifying the statutory procedure under which DHS is proceeding:

> The INA establishes two procedures for removing noncitizens from the country. The first process—sometimes called a section 240 proceeding—begins when DHS issues the noncitizen a NTA. It involves an evidentiary hearing before an immigration judge, and it provides the noncitizen an opportunity to apply for asylum. Noncitizens seeking asylum are entitled to due process under the Fifth Amendment. DHS may release the noncitizen into the country on parole while the process plays out, but only if the noncitizen demonstrates "that the release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceedings." 8 C.F.R. § 1236.1(c)(8).

> Expedited removal is the second process. It allows immigration officers to remove noncitizens "without further hearing or review." 8 U.S.C. § 1225(b)(1)(A)(i). Because expedited removal affords substantially fewer protections to the noncitizen's rights, the INA limits its applicability in two ways. First, noncitizens may be eligible for expedited removal "only if they are inadmissible on the basis that they either lack proper entry documents or falsified or misrepresented their application for admission." *Coalition for Humane Immigrant Rights v. Noem*, 805 F. Supp. 3d 48, 61, 2025 WL 2192986, at *5 (D.D.C. 2025) (citing 8 U.S.C. §§ 1225(b)(1)(A)(i) and 1182(a)(6)(C), (a)(7)). "Among that set, only two categories of noncitizens are eligible for expedited removal: (1) noncitizens 'arriving in the United States,' and (2) noncitizens who 'ha[ve] not been admitted or paroled into the United States' and cannot affirmatively show that they have been 'physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility." *Id.* (quoting 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)).

*Silva-Toruno v. Ripa*, No. 26-cv-199-SPC-DNF, 2026 WL 503333, at *2 (M.D. Fla. Feb. 24, 2026). This Court finds the *Silva-Toruno* analysis instructive and, based on the record in this case, that Petitioner falls under the detention provisions of section 1225(b). Petitioner was served with a Notice and Order of Expedited Removal (*see* ECF No. 6-6 ¶ 9), following which he provided a sworn statement in which he claimed a fear of being harmed if returned to Cuba. Through a sworn declaration of a deportation officer, Respondents state that Petitioner's case is being referred to USCIS for a credible fear interview. *Id.* ¶ 15. The applicable charging documents and procedural history reveal that Petitioner is in the expedited removal process, and the plain language of the INA shows that Petitioner is subject to mandatory detention while awaiting expedited removal proceedings. *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) ("Any alien subject to [expedited removal procedures] shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed.").

Having concluded that Petitioner is challenging the constitutionality of his detention under the expedited removal statutory framework, this Court turns to the Respondents' arguments.

First, Respondents argue that this Court lacks subject matter jurisdiction to consider Petitioner's claims for relief because they construe the Petition as seeking review of DHS's decision to place Petitioner in expedited removal proceedings. *See* Resp. at 2 ("The Court Lacks Jurisdiction to Review DHS's Decision to Place Petitioner in Expedited Removal Pursuant to 8 U.S.C. § 1225(b)(1)."). Respondents' primary basis for arguing a lack of subject matter jurisdiction is based on the significant limitations Congress has placed on the power of federal courts to review expedited removal orders. *See id*. at 4 (citing *United States v. Herrera-*

*Orozco*, No. C-11-542, 2011 WL 3739160 (S.D. Tex. Aug. 23, 2011) (citing *Brummer v. INS*, 275 F.3d 443, 447 (5th Cir. 2001))). While it is true that "federal courts lack subject matter jurisdiction to hear any claims 'arising from' or 'relating to' the expedited removal process established by Congress under 8 U.S.C. § 1225(b)(1)," *see* Resp. at 4 (citing 8 U.S.C. § 1252(a)(2)(A)(i)), this jurisdictional bar is narrow and does not apply to a review of the specific question of whether Petitioner's detention is brought under the proper statutory authority. *See Reno v. Am.-Arab Anti-Discrim. Comm.*, 525 U.S. 471, 482 (1999) ("The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'"); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves.").

Second, Respondents argue that because Petitioner is detained under section 1225(b)(1), his detention without bond is mandatory. *See* Resp. at 7-8. This Court agrees. As a detainee currently subject to the expedited removal process, Petitioner's detention is permitted and he is not entitled to a bond hearing as would a detainee under the traditional removal procedure. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 118 (2020) (noting that expedited removal includes mandatory detention during the credible-fear review); *Chaviano v. Bondi*, No. 25-22451-CIV, 2025 WL 1744349, at *7 (S.D. Fla. June 23, 2025) (Damian, J.) ("Thus, because Petitioner is presently in expedited removal proceedings, his detention is not *illegal*, but, instead, is permitted under the expedited removal statute." (emphasis in original)).

5

Petitioner's argument lacks merit here because it does not appear that Petitioner was ever placed in full removal proceedings. Respondents are not detaining Petitioner through full removal proceedings without a bond hearing pursuant to *Matter of Yajure Hurtado*, 29 I&N 216, 220 (BIA 2025). Rather, the record reflects that Petitioner is being detained without a bond hearing because the expedited removal statute through which his removal proceedings arise does not entitle him to a bond hearing.

### IV.   CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **DENIED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 5th day of May, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**